JS - 6
# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-00075 MMM (FFMx) | Date | February 5, 2010 |
|---|---|---|---|

| Title | *Aurora Loan Services, LLC v. Galarza-Godines et al.* |
|---|---|

| Present: The Honorable | MARGARET M. MORROW | |
|---|---|---|
| ANEL HUERTA | | N/A |
| Deputy Clerk | | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** Order Remanding Action to Monterey Superior Court for Lack of Subject Matter Jurisdiction

### I. FACTUAL BACKGROUND

Plaintiff Aurora Loan Services, LLC filed this unlawful detainer action against defendants Javier Galarza-Godines, Maria del Carmen Rios, and certain fictitious defendants in Monterey Superior Court on July 13, 2009. It seeks to recover possession of certain real property located in Salinas, California, as well as damages of $50 per day for each day defendant continues in possession of the property past June 20, 2009. The complaint alleges that the damages sought do not exceed $10,000; as a result, under California Code of Civil Procedure § 1161a, plaintiff filed the action as a limited civil case. See CAL. CODE CIV. PROC. § 86 (classifying cases where the prayer is less than $25,000 as limited civil cases). On January 11, 2009, defendant Galarza-Godines removed the action to federal court.

Galarza-Godines asserts that the court has subject matter jurisdiction because the case arises under federal law. He identifies no federal law implicated by plaintiff's claims, however, nor does he reference specific allegations purportedly raising a federal question. Galarza-Godines also asserts that "complete diversity" exists, and that he "[b]elieves that the amount in controversy exceeds" $75,000.00." Galarza-Godines states that he is a citizen of California; however, he makes no allegations regarding plaintiff's citizenship, and plaintiff's complaint does not contain sufficient allegations from which the parties' citizenship can be determined. In addition, Galarza-Godines'

notice of removal fails to elaborate the calculation he uses to support his assertion that the amount in controversy exceeds $75,000.

## II.  DISCUSSION

### A.  Legal Standards Governing Removal Jurisdiction

The right to remove a case to federal court is entirely a creature of statute.  See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).  The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000.  See 28 U.S.C. §§ 1441(a), (b); see also 28 U.S.C. §§ 1331, 1332(a).  Only state court actions that could originally have been filed in federal court may be removed.  28 U.S.C. § 1441(a); see *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985), and *Libhart*, 592 F.2d at 1064).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue.  See *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments," citing *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)); see also *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996) (lack of subject matter jurisdiction may be raised at any time by either party or by the court *sua sponte*); *Thiara v. Kiernan*, No. C06-03503 MJJ, 2006 WL 3065568, *2 (N.D. Cal. Oct. 25, 2006) ("A district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits").

Where a case has been removed, the court may remand for lack of subject matter jurisdiction at any time before final judgment.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").  The court may – indeed must – remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction.  See *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("[W]e have held that the district court must remand if it lacks jurisdiction," citing *Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998)).

### B.   Whether the Requirements for Federal Question Jurisdiction Are Met

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States." Federal question jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the existence of removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar*, 482 U.S. at 392. Where a plaintiff could maintain claims under both federal and state law, therefore, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir.1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.,* 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). See also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"). Thus, "a case may not be removed to federal court on the basis of a federal

defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

There is no federal question apparent on the face of plaintiff's complaint, and Galarza-Godines cites none. Rather, he contends that federal question jurisdiction exists because he propounded a "discovery request" for "the original blue inked promis[s]ory note." It is unclear what promissory note Galarza-Godines references or why he believes his request for it involves a question of federal law. Regardless, a discovery request does not provide a basis for federal question jurisdiction, as it does not appear on the face of the well-pleaded complaint. Moreover, as the complaint makes clear, this is an unlawful detainer case based entirely on state law. Accordingly, the requirements of federal question jurisdiction are not satisfied.

### C.   Whether The Requirements for Diversity Jurisdiction are Met

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . . ." 28 U.S.C. § 1332(a); see also *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000").

In any case where subject matter jurisdiction is premised on diversity, there must be complete diversity, i.e, all plaintiffs must have citizenship different than all defendants. See *Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267 (1806); see also *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 & n. 3 (1996). As noted, plaintiff's complaint does not disclose the citizenship of the parties and Galarza-Godines' notice of removal does not plead plaintiff's citizenship. Therefore, the court cannot determine whether this element of diversity jurisdiction is satisfied. Even if the parties' citizenship is diverse, however, Galarza-Godines cannot remove. This is because 28 U.S.C. § 1441(b) states: "Any . . . action [other than one involving a federal question] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Galarza-Godines states that he is a citizen of California. As a result, removal on the basis of diversity of citizenship would render his removal procedurally defective. *Lively v. Wild Oats Market, Inc.,* 456 F.3d 933, 936 (9th Cir. 2006).

Additionally, Galarza-Godines has not met his burden of demonstrating that the amount in controversy exceeds $75,000. "[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, [the amount in controversy] requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). See also *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) (stating that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith" and that "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional

amount to justify dismissal"). Where, by contrast, "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled[,] . . . [courts] apply a preponderance of the evidence standard." *Guglielmino*, 506 F.3d at 699. Finally, "when a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.'" *Id.* (quoting *Lowdermilk v. U.S. Bank National Association*, 479 F.3d 994, 1000 (9th Cir. 2007)).

As evidence that the amount in controversy requirement is satisfied, Galarza-Godines offers only the conclusory, unsupported statement that he "believes" more than $75,000 is at issue. He proffers no facts or evidence corroborating this view. It is clear, moreover, from other information in the record that the amount in controversy does not meet the jurisdictional threshold. Plaintiff seeks damages of $50 a day from and after June 20, 2009; it alleges that its damages do not exceed $10,000; and it filed the action as a limited civil case. Given this convincing evidence that the amount in controversy does not exceed $75,000, and Galarza-Godines' failure to provide any evidence to the contrary, the court concludes that the amount in controversy requirement is not met.

### III.  CONCLUSION

For the reasons stated, the clerk is directed to remand this case to Monterey Superior Court forthwith.